UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| IDAHO CONSERVATION LEAGUE and NORTHWEST ENVIRONMENTAL DEFENSE CENTER, <br><br> Plaintiffs, <br><br> vs. <br><br> ATLANTA GOLD CORPORATION, <br><br> Defendant. | Case No.: 1:11-cv-161-REB <br><br> **ORDER FOR EVIDENTIARY HEARING** |
|---|---|

 This case concerns the treatment of effluent from the 900 Level Adit discharged into Montezuma Creek and whether Defendant is compliant with its National Pollution Discharge Elimination System (NPDES) Permit.

 On September 15, 2017, this Court issued its Memorandum Decision and Order on Motion for Civil Contempt (the "Compliance Order").  (Dkt. 159.)  Among other things, the Compliance Order granted Plaintiffs' Motion to Hold Defendant in Civil Contempt (Dkt. 128) for failure to comply with the NPDES Permit.  The Court ordered Defendant to pay $251,000 for civil contempt.

 Subsequently, a Second Injunction Order was entered, requiring Defendant to achieve substantial compliance with the terms of the NPDES Permit.  (Dkt. 166.)  The Compliance Order provided that the contempt payment was to be "held in abeyance until September 30, 2018, to allow Defendant an opportunity to comply with the terms of this decision and its related injunction and other orders, to include substantial compliance with [the NPDES] Permit."  Compliance Order 31 (Dkt. 159).  If Defendant achieved substantial compliance by August 30,

**ORDER FOR EVIDENTIARY HEARING – 1**

2018, the civil contempt payment would be rescinded *nunc pro tunc*. *Id.* However, if Defendant did not timely achieve substantial compliance, the Court would require immediate payment of the $251,000 contempt amount and would appoint independent experts, at Defendant's expense, to identify the steps necessary to bring the treatment process into compliance with the NPDES Permit. Second Injuction Order 2–3 (Dkt. 166).

The record in this matter contains several status reports filed by Defendant, as required by the Compliance Order and Second Injunction Order. (Dkts. 164, 169, 172, 173, 174, 180.) The parties have expressed their positions on whether Defendant has achieved substantial compliance with the NPDES Permit and the Second Injunction Order in filed memoranda (Dkts. 181, 182, 183). The Court must now decide this question.

Having carefully reviewed Defendant's status reports and related filings, as well as the parties' memoranda on substantial compliance, the Court concludes that testimony from R. David Russell may assist in deciding this issue. Accordingly, the Court will require Mr. Russell, who signed the status reports required by the Compliance Order and Second Injunction Order and who submitted a declaration describing improvements to the treatment process (Dkt. 175-1), to appear and present testimony in an evidentiary hearing, where he may be examined by counsel and by the Court. Counsel for Defendant may question Mr. Russell first, but is not required to do so. Next, counsel for Plaintiffs may question Mr. Russell, but is not required to do so. The Court will follow with its own questions, unless any prior questioning has covered the issues to the satisfaction of the Court.

This Order for Evidentiary Hearing serves as notice to Defendant that it has an opportunity to be heard before any decision is made upon whether to lift the stay on the prior

**ORDER FOR EVIDENTIARY HEARING – 2**

Compliance Order or whether any additional action should be taken in the form of civil contempt, if the Court should conclude that Defendant is not in substantial compliance with the NPDES Permit. Should the Court ultimately conclude that Defendant violated the prior Compliance Order by failing to achieve substantial compliance with the Compliance Order or Defendant's NPDES Permit, the Court may order additional civil contempt action. However, as provided in the Compliance Order and Second Injunction Order, if the Court concludes that Defendant has achieved substantial compliance, then the order imposing the prior contempt amount will be rescinded.

Now therefore, **IT IS HEREBY ORDERED** as follows:

1. On **January 9, 2019**, at 9 a.m., at the United States Courthouse in Boise, Idaho, an evidentiary hearing will be held to address the question of whether Defendant has substantially complied with the NPDES Permit. R. David Russell, acting president of Atlanta Gold Corporation, must appear at that hearing to be questioned upon the status reports filed by Defendant and upon his declaration contained in the record at Docket 175-1.

2. After Mr. Russell is excused as a witness, counsel for Defendant will be permitted 15 minutes to argue Defendant's position on the issue of substantial compliance. Counsel for Plaintiffs will then be permitted 15 minutes to argue Plaintiffs' position.

DATED: **December 10, 2018.**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**ORDER FOR EVIDENTIARY HEARING – 3**